1  Felicia A. Mobley, Esq. State Bar No.: 189892
   MOBLEY LAW OFFICES
2  800 W 6th Street, Ste 310
   Los Angeles, California 90017
3  Telephone: (213) 891-1000
   Facsimile:  (213) 891-1007
4  Email:  fm@mobleylawoffice.com
5
   Attorneys for Plaintiff Gavin Maloof and Nicholas Wilson
6
7
                **IN THE UNITED STATES DISTRICT COURT**
8                 **FOR THE DISTRICT OF ARIZONA**
9
10 GAVIN MALOOF, an individual and          Case No.:
   NICHOLAS WILSON, an individual
11                                          **COMPLAINT FOR:**
                        Plaintiffs,
12        vs.                              1.  Breach of Oral Agreement
                                           2.  Conversion
13 RAFAEL L. VEGA, aka Robbie L. Vega, an  3.  Declaratory Relief
   individual, SOURCING SOLUTIONS, LLC, a
14 limited liability company, PLANETONE
   COMMUNICATIONS, INC. and DOES 1-50,
15 inclusive
16
                        Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs Gavin Maloof and Nicholas Wilson allege as follows:

**JURISDICTION AND VENUE ALLEGATIONS**

1.      Federal Jurisdiction is proper under 28 U.S.C. §1332 because Plaintiff Gavin Maloof ("Maloof") is a citizen of Nevada.  Plaintiff Nicholas Wilson ("Wilson") is a citizen of Texas. Defendant Rafael L.Vega aka Robbie L Vega is a citizen of Arizona.  Sourcing Solutions, LLC is a corporation of Arizona. Planet One Communications, Inc., is a corporation of Arizona.  Thus, complete diversity of citizenship exists.    The amount in controversy meet the jurisdictional requirements of  28 U.S.C. §1332 as the Plaintiff will seek compensation over and beyond the $75,000.00.

**PARTY ALLEGATIONS**

2.      At all times herein mentioned Plaintiff Maloof is and was an individual and resident of Los Angeles County, California.

3.      At all times herein mentioned Plaintiff Nicholas Wilson is and was an individual and resident of Los Angeles County, California.

4.      Plaintiff Maloof and Plaintiff Wilson shall be referred to at times herein collectively as "Plaintiffs."

5.      Plaintiffs are informed and believe and thereupon allege that Defendant Sourcing Solutions, Inc. ("SSLLC"), is, and at times herein mentioned was, an Arizona Limited Liability Company doing business in California and Arizona.

6.      Plaintiffs are informed and believe and thereupon allege that Defendant PlanetOne Communications, Inc. ("PlanetOne"), is, and at all times herein mentioned was, an Arizona Corporation doing business in California and Arizona.

7.      Plaintiffs are informed and believe and thereupon allege that Defendant Rafael L. Vega ("Vega"), an individual and managing member of Sourcing Solutions, LLC, is and all times herein mentioned was doing business in California and Arizona.

8.      Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1-50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

9.      Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by such Defendants.

10.     Plaintiffs are informed and believe, and thereupon allege that, at all times mentioned herein, Defendants were agents, employees, alter egos, superiors, successors in interest, co-conspirators and/or joint venturers of each of the Defendants and in doing the things mentioned herein, were acting within the course and scope of the authority of such agents, servants, employees, alter egos, superiors, successors in interest, and/or co-conspirators with the permission and consent of Defendants; consequently, each Defendant named herein, and those Defendants named herein as DOES 1 through 50, inclusive, are jointly and severally liable to Plaintiffs for the damages and harm sustained as a result of their wrongful conduct.

11.     Plaintiffs are informed and believe, and thereupon allege that Defendants, and each of them, aided, abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs and consequently, in taking the actions alleged herein, aided, abetted, and substantially assisted in the commission of the wrongdoings complained of herein with an awareness that their conduct would substantially assist the accomplishment of the wrongful conduct and wrongdoing.

12.     The individual or other corporate Defendants have used the main corporate or limited liability Defendant as a mere shell, instrumentality, and/or conduit from which said Defendants have carried on their business as if the main corporate Defendant did/does not exist, to such an extent that any individuality or separateness of the named Defendants has never existed, and that the activities of the main corporation were carried out without the required holding of directors or shareholders meetings, and no records or minutes of any corporate proceedings were maintained.

13.    Allegations of this Complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## GENERAL ALLEGATIONS

14.    In or about June 2019, Plaintiff Wilson, Plaintiff Maloof and Defendant Vega entered into an oral agreement whereby Guerra Wilson Group, LLC, a Texas limited liability company dba Staxos, Gavin Maloof, a consultant of Staxos, and Rafael Vega, a consultant of Staxos, (collectively referred to as "Staxos Partners") at the time the agreement was generated, would share in the commissions generated from the wireline contracts generated through Robbie and Gavin's efforts.  The business of Staxos is to secure clients utilizing sourcing solutions from wireline carriers through agreement with Planet One, the wireline Master Agent.  In turn Planet One will pay monthly commissions to Staxos for the duration of the wireline contract.

15.    The Staxos Partners agreed that the commissions from the wireline carrier customers were to be paid to Defendant Vega through his pre-existing company, Sourcing Solutions, LLC (Defendant Vega and Sourcing Solutions, LLC are collectively referred to as the "Vega Defendants").

16.    The oral agreement provided that the commissions, once received by the Vega Defendants, would be divided and disbursed equally, one-third to each Plaintiff Maloof, Plaintiff Wilson, and Defendant Vega.  Each month Defendant Vega was to disburse one-third of the commissions collected to Plaintiff Maloof and one third to Plaintiff Wilson.   Vega was to keep his one-third of the commissions.

17.    In late 2019, Staxos provided the wireline/technology solutions for Spec's Wine, Spirits & Finer Foods ("Spec's"), a Texas-based family-owned chain of liquor stores.  Defendant PlanetOne assisted in brokering the solution for the wireline products belonging to Spec's.  Sourcing Solutions, Inc. entered into an agreement with PlanetOne to pay commissions owed to Staxos for brokering a deal for the wireline products provided to Spec's by Staxos.  Vega had a pre-existing relationship with PlanetOne.  Therefore, the Staxos Partners agreed for the commissions

generated from PlanetOne related to the Spec's services would be paid to Sourcing Solutions, LLC, which would in turn divide the commissions as agreed: one-third to Maloof, one-third to Wilson, and one-third to Vega. The Vega Defendants also agreed to provide the Staxos Partners with a monthly statement of commissions collected from any broker, in this instance PlanetOne.

18.   Beginning in February 2020, Sourcing Solutions, LLC and Vega sent the commission payments generated from the PlanetOne agreement to Maloof and to Wilson as agreed. The Vega Defendants sent $3,422.22 in February, $6,017.92 in April 2020; $2,517.16 in May 2020; $5,432.00 in June 2020, and $5,732.07 in July 2020 to Plaintiff Maloof.  The same amount was paid to Wilson, except Wilson received it indirectly.  Wilson received his one-third portion by allowing Vega to retain his commission and not send it, which was offset by a reduction in his monthly paycheck by the amount of the amount of the commissions Wilson was owed.

19.   No other payments were sent after July 2020.  Wilson and Maloof both have contacted Defendant Vega to inquire as to status of payment.  Initially, Vega stated to an associate who contacted him regarding payment that he overlooked sending the payment for August. However, he failed to send any additional payments.

20.   Plaintiffs are informed and believe and thereon allege that PlanetOne has been and is continuing to send commission payments intended for the Staxos Partners to the Vega Defendants, and that the Vega Defendants have been failing to and intend to continue to refuse sending Plaintiffs their portions of the commission payments.

21.   The Vega Defendants have never sent an accounting for commissions received from PlanetOne to date.

22.   Plaintiffs are informed and believe and thereon allege that The Vega Defendants are being paid each and every month on or near the 17th of each month and will continue to do so for the next three years.  The Vega Defendants are withholding the commissions due to Maloof and Wilson and they are converting the funds for their own use.

1

2

3 **BREACH OF ORAL AGREEMENT**

4 **COUNT ONE**

5 **(Against Defendant Vega and Defendant Sourcing Solutions, LLC)**

6      23.    Plaintiffs re-allege and incorporate by reference herein each allegation contained in

7 paragraphs 1-22 as if fully set forth herein.

8      24.    For some years, the Vega Defendants have acted as the agent for receiving the

9 commissions generated from brokering the deals for wireless management of the wireline customers

10 of Staxos.

11      25.    The Vega Defendants agreed to receive the monthly commissions on behalf of the

12 Staxos Partners from Planet One, which brokered the deal for management of the Spec's mobility

13 solutions. The Vega Defendants agreed to then distribute the commissions received every month to

14 each of the Staxos Partners in an amount equal to one-third of what was received.

15      26.    Plaintiffs performed all of their obligations under the oral agreement with the Vega

16 Defendants.  Any acts not performed by Plaintiffs were not performed because they have been

17 excused from performance by reason of the acts and conduct of the Vega Defendants or by

18 operation of law.

19      27.    The Vega Defendants performed their obligations under the oral agreement with

20 Plaintiffs from January 2020 to July 2020 without fail, except for their obligation to provide

21 commission statements.  The Vega Defendants ceased to pay any further commission payments to

22 Staxos partners Maloof and Wilson but, rather, kept the commission proceeds for themselves.

23      28.    In acting and failing to act as alleged above, the Vega Defendants breached their oral

24 agreement with Plaintiffs to distribute the commission proceeds received from PlanetOne.

25      29.    As a direct and proximate result of Defendants' breach of the oral agreement,

26 Plaintiffs have suffered damages, as they have not received their monthly commission

27 disbursements from July 2020 to the present, in an amount estimated to be more than $30,000.00 for

28

1  each Maloof and Wilson for an estimated total of $60,000.00 thus far.  The exact amount of the

2  damages had not been precisely determined and the damages are continuing to accrue.  Plaintiffs

3  will seek leave to amend this Complaint when the precise amount of these charges is ascertained.

4  **CONVERSION**

5  **COUNT TWO**

6  **(Against Defendant Vega and Defendant Sourcing Solutions, LLC)**

7        30.    Plaintiffs re-allege and incorporate by reference herein each allegation contained in

8  paragraphs 1-29 as if fully set forth herein.

9        31.    As set forth above, Plaintiffs were induced to allow the Vega Defendants to collect

10  the commissions owed to the Staxos Partners on their behalf in payment of commissions owed for

11  procuring and providing wireline products to Spec's.  The Vega Defendants led the Staxos Partners

12  to believe that Vega, through Sourcing Solutions, would collect the commissions paid by PlanetOne

13  and, in turn, distribute the commission amounts monthly to Vega, Maloof and Wilson in equal one-

14  thirds portions.

15        32.    The Vega Defendants did in fact comply with the terms of the agreement from

16  January through July 2020 at which time the Vega Defendants ceased to make any further

17  distributions, despite the fact that the Vega Defendants continued to collect monthly commissions.

18  Instead of distributing the commissions in equal one-third amounts to each of the Staxos Partners,

19  the Vega Defendants have converted all of the commissions owed to Maloof and Wilson and paid

20  by Planet One to their own use and benefit to the detriment of each of the Plaintiffs.

21        33.    Plaintiffs have requested that the Vega Defendants resume the commission

22  payments, but the Vega Defendants have failed and refused to pay the commissions owed to

23  Plaintiffs.

24        34.    As a direct and proximate result of the Vega Defendants' conversion, Plaintiffs have

25  suffered damages for the unpaid commissions. Plaintiffs estimate that the unpaid commission

26  totaled approximately $32,450.00 owed to each Plaintiff.  The amount of these damages has not

27  been precisely determined and the damages are continuing to accrue for each month the

28

commissions have not been received from PlanetOne, but not paid to the Staxos Partners., Plaintiffs will seek leave to amend this Complaint when the precise amount of these damages is ascertained.

35.    The Vega Defendants' acts of conversion were done with the intent of depriving Plaintiffs of their property or legal rights or otherwise causing injury, and were despicable, malicious, oppressive and/or fraudulent conduct that subjected Plaintiffs to cruel and unusual hardship in conscious disregard of Plaintiffs rights, so as to justify an award of exemplary and punitive damages in an amount to be proven at trial.

## DECLARATORY RELIEF

## COUNT THREE

### (Against All Defendants)

36.    Plaintiffs re-allege and incorporate by reference herein each allegation contained in paragraphs 1-35 as if fully set forth herein.

37.    An actual controversy has arisen and now exists between Plaintiffs and Defendants. As described above, Plaintiffs contend that the Vega Defendants are obligated to distribute the commissions received from PlanetOne to the Staxos partners in equal one-third amount on a monthly basis.

38.    A judicial determination of these issues and of the respective duties of Plaintiffs and Defendants is necessary and appropriate at this time under the circumstances because the Vega Defendants have wrongfully withheld the commissions due to Plaintiffs from PlanetOne.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

PRAYER FOR RELIEF

THEREFORE, plaintiff prays for judgment against defendants as follows:

1**. On the First, Second, and Third Causes of Action:**

a. An award of all damages available in law and according to proof at trial;

b. for punitive and exemplary damages as the court deems warranted.

COMPLAINT FOR DAMAGES

**2. On the Third Cause of Action:**

For treble damages according to proof at trial, but not less than $181,056.

**3. On the Fourth Cause of Action**:

a.      A judicial declaration by the Court determining and declaring that Defendants must return the consideration it received in commissions not passed onto the Staxos Partners;

b.      For a determination that Plaintiffs are entitled to receive from Sourcing Solutions their respective portions of the monthly commission from the PlanetOne related to the Spec's technology solutions business deal

c.      PlanetOne shall deposit funds into an escrow account representing the monthly commissions owed to the Staxos Partners

**4. On All Causes of Action**:

a. For interest to the extent allowed by law;

b. for reasonable attorneys' fees to the extent allowed by law

c. for costs of suit incurred; and

d. for such other and further relief as the Court deems just and proper

DATED: May 12, 2021                                    Respectfully submitted,

MOBLEY LAW OFFICE

_____
Felicia A. Mobley
Attorney for Plaintiff Gavin Maloof
and Nicholas Wilson

COMPLAINT FOR DAMAGES